UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAYTON AREA CHAMBER OF COMMERCE *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:23-cv-00156-MJN-PBS |
| XAVIER BECERRA *et al.*, | Judge Michael J. Newman |
| Defendants. | Magistrate Judge Peter B. Silvain, Jr. |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice of supplemental authority to inform the Court of a July 3, 2024 Memorandum Opinion by the United States District Court for the District of Connecticut, *Boehringer Ingelheim Pharmaceuticals, Inc. v. HHS*, Case No. 23-1103 (D. Conn.). A copy of the decision is attached to this Notice. *See* Attach. A.

Like Plaintiffs here, the plaintiffs in *BI* raised First, Fifth, and Eighth Amendment challenges to the Drug Price Negotiation Program created by the Inflation Reduction Act of 2022, Pub. L. No. 117-169. Indeed, the arguments presented by the plaintiff in *BI* were substantially similar to the arguments presented in this case. In a carefully reasoned opinion, the district court in *BI* rejected those challenges, and granted summary judgment in favor of the Government on all claims.

Among other things, the district court concluded "that because BI can opt out of Medicare and Medicaid, it has not been deprived of property for the purposes of its Due Process Clause and Takings Clause claims." Attach. A at 14. This was true, the court explained, because even under the longest timeframe provided under the statute, manufacturers could withdraw before ever "hav[ing] to sell the Selected Drug at the maximum fair price." *Id.* at 14-15. And the court rejected BI's arguments—like the ones Plaintiffs press here—that decades of prior caselaw finding

Medicare conditions voluntary were inconsistent with the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012). As the court detailed, the "caselaw makes clear that" the "government can use its power as a dominant buyer to demand lower prices from drug manufacturers." *Id.* at 21.

Likewise, the court concluded that plaintiffs' First Amendment claim failed because the Negotiation Program "regulates BI's conduct, and any effects it may have on speech are 'plainly incidental.'" *Id.* at 31 (quoting *Rumsfeld v. Forum for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 61 (2006)). In doing so, the court rejected BI's contention that "an uninformed observer might read" the "statutory terms in the Manufacturer Agreement" "out of context—and in conflict with the express terms of the contract—[to] draw inferences about BI's views," holding that this argument "finds no support in precedent." *Id.* at 32.

The court also rejected all of BI's unconstitutional conditions arguments, finding that they failed under each of the theories BI offered. *Id.* at 33-38.

Finally, as relevant here, the court held that it lacked jurisdiction over plaintiff's Eighth Amendment Excessive Fines Clause claim. *Id.* at 43-46. In so ruling, the court concluded that plaintiff could not establish either prong of the narrow *Williams Packing* exception to the Anti-Injunction Act. First, the court explained that plaintiff would not suffer irreparable harm prior to its filing of a refund suit, at which point the plaintiff would either receive a refund on the "minimal" tax it paid or be required to pay a constitutional tax, "which would mean the tax inflicted no actionable harm." *Id.* at 45. Second, the court held that plaintiff's "novel" Eighth Amendment claim could not meet the "demanding" "certainty of success on the merits" standard. *Id.* at 45-46.

Dated:  July 12, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

KENNETH L. PARKER
United States Attorney

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

<u>/s/ Michael J. Gaffney</u>
MICHAEL J. GAFFNEY
CHRISTINE L. COOGLE
ALEXANDER V. SVERDLOV
 Trial Attorneys
STEPHEN M. PEZZI
 Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-2356
Email: michael.j.gaffney@usdoj.gov

*Counsel for Defendants*